IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RHONDA GLASCO FODERNGHAM, as Administrator for the Estate of Gary Glasco,** | : : : : | Civil No. 1:18-CV-0202 |
| **Plaintiff,** | : : : | |
| v. | : : | |
| **JOHN WETZEL, et al.,** | : : : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Presently before the court is a report and recommendation ("R&R") of the magistrate judge (Doc. 29) in which she recommends that the court deny Defendants' motions to dismiss. For the reasons that follow, the R&R will be adopted in part and denied in part.

## I. Background

Plaintiff Rhonda Foderngham ("Plaintiff") initiated this action by filing a complaint on January 29, 2018, following the death of her husband, Gary Glasco ("Glasco"), a prisoner at Somerset prison. Plaintiff alleges that Glasco had been previously diagnosed with hepatitis C and was suffering from a variety of complications associated with the disease, yet the prison did not treat him due to his age and other unspecified problems. He was pronounced dead at Somerset Hospital on January 29, 2016.

1

The defendants in this action include John Wetzel, Secretary of Pennsylvania Department of Corrections ("DOC"); Dr. Paul Noel, Chief of Clinical Services at the DOC (collectively, the "DOC Defendants"); and Dr. Rashida Mahmud ("Mahmud"), Treating Physician at SCI Somerset ("Somerset"). Plaintiff alleges, *inter alia*, that Defendants deprived Glasko of medical care in violation of the Eighth Amendment (Count I) and committed medical malpractice in failing to treat Glasko's hepatitis (Count II). Plaintiff also brings claims for wrongful death (Count III) and a survival action (Count IV).

On April 17, 2018, counsel for the DOC Defendants provided Plaintiff's counsel with a notice of the DOC Defendants' intent to seek dismissal of the claim for medical malpractice at Count II within 30 days if a certificate of merit ("COM") was not filed. Plaintiff did not respond to the notice and did not file a COM. On May 22, 2018, the DOC Defendants submitted a motion to dismiss Plaintiff's medical malpractice claim (Count II) for failure to file a COM. (Docs. 17-18.) In response, Plaintiff filed two COMs, one pertaining to Defendant Noel and one pertaining to Defendant Mahmud (Docs. 19-20), followed by a brief in opposition to the motion to dismiss on June 4, 2018, in which she claims that the failure to timely file the COMs was due to an "oversight" by counsel. (Doc. 22.) On June 11, 2018, Defendant Mahmud filed a motion to dismiss the medical malpractice and survival claims as duplicative and to dismiss the request for punitive damages for failure to

plead the appropriate state of mind required for such an award. (Docs. 25-26.) Plaintiff filed a brief in opposition on June 25, 2018. (Doc. 27.) On January 28, 2019, the magistrate judge issued the instant R&R on the motions to dismiss. (Doc. 29.) On February 8, 2019, the DOC Defendants objected to the portion of the R&R that recommends denying the motion to dismiss Plaintiff's claim for medical malpractice. (Docs. 30-31.)

## II. Legal Standard

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v.* Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*,

3

812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nonetheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); L.R. 72.31.

### III. Discussion

In the R&R, the magistrate judge appropriately recites the law regarding the filing of a COM in the Commonwealth of Pennsylvania but recommends that Defendants' motion to dismiss the medical malpractice claim for failure to timely file such a certificate be denied. The court disagrees with the magistrate judge's recommendation in this regard.

As the magistrate judge explains:

> Pennsylvania requires a COM in malpractice cases, and this requirement is part of Pennsylvania's substantive law which a federal court must apply. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 259 (3d Cir. 2011) (citing *Erie v. Tompkins*, 304 U.S. 64, 89-90 (1938)). Pennsylvania law requires a COM to be filed within sixty days after filing a malpractice complaint. *See id.* at 260 (citing Pa. R. Civ. P. 1042.3). Failure to file either a certificate of merit under Rule 1042.3(a) or a motion for extension under Rule 1042.3(d) destroys [a] plaintiff's claim unless he demonstrates his failure to comply is justified by a "reasonable excuse." *Perez v. Griffin*, 304 F. App'x 72, 74 (3d Cir. 2008) (finding no reasonable excuse where claimant filed a COM for a professional malpractice claim, even though he was a pro se litigant and did not know about the COM requirement).

4

> When a plaintiff fails to timely file a [COM], a defendant may seek to have a judgment of *non pros* entered. Pa. R. Civ. P. 1042.6. Prejudice to [the] defendant is immaterial when considering whether [a] plaintiff's claims should be dismissed for failure to comply with 1042.3. *Hartman v. Low Sec. Corr. Inst. Allenwood*, No. 4:04-cv-0209, 2005 WL 1259950, *4 (M.D. Pa. May 27, 2005) (collecting Pennsylvania cases). In federal courts, a judgment of *non pros* is "the equivalent of a dismissal without prejudice," as such, claims that are not time barred may be refiled. *Mayo v. County of York*, No. 1:10-cv-1869, 2012 WL 948438, *1 (M.D. Pa. March 20, 2012) (internal citations omitted); *see also Bucci v. Detroit Fire & Marine Ins. Co.*, 167 A. 425, 427-28 (Pa. Super. Ct. 1933) (finding that a *non pros* judgment does not bar a plaintiff from filing a second claim against a defendant so long as the statute of limitations has not expired).

(Doc. 29, pp. 4-5.)

Citing cases involving a reasonable excuse for failure to file a timely COM and filing a motion for an extension of time in which to file a COM, the magistrate judge recommends that Defendants' motion to dismiss be denied. However, the magistrate judge failed to analyze whether Plaintiff's excuse in this case was reasonable and does not address the fact that Plaintiff did not request an extension of time in which to file a COM.

Plaintiff's vague assertion that her failure to timely file a COM was due to an "oversight" by counsel does not excuse noncompliance with Rule 1042.3. While equitable considerations are available to aid the substantially compliant litigant, Rule 1042.3 is clear and unambiguous in its mandate that no equitable exception for substantial compliance with the COM requirement exists for the litigant who failed

5

entirely to timely file a COM because such failure constitutes noncompliance with the requirement. *See Stroud v. Abington Hosp.*, 546 F. Supp. 2d 238, 251 (E.D. Pa. 2008) (citing *Womer v. Hilliker*, 908 A.2d 269, 276-78 (Pa. 2006). In her response in opposition to the motion to dismiss, Plaintiff states that her medical expert was unable to review the medical records in this case until May 21, 2018—nearly five months after the complaint was filed. (*See* Doc. 22, p. 3.) Plaintiff's acknowledgment that she failed to consult with a medical expert prior to filing the complaint or at least within the 60-day window for filing a COM is disconcerting and does not excuse noncompliance with Rule 1042.3.

The R&R also fails to address whether Plaintiff would be barred by the statute of limitations from refiling this claim and instead suggests that dismissal without prejudice would be futile as Plaintiff would essentially refile the same claim. (*See* Doc. 29, p. 4.) As the magistrate judge indicated, the usual consequence for failing to file a COM is dismissal of the claim without prejudice. *Booker v. United States*, 366 F. App'x 425, 427 (3d Cir. 2010). But where the statute of limitations has run on the claim, the failure to file a COM is "fatal to the plaintiff's suit and it should be dismissed with prejudice." *Smith v. Bolava*, No. 14-cv-5753, 2015 WL 2399134, *3 (E.D. Pa. May 20, 2015) (quoting *Booker*, 366 F. App'x at 427). Pennsylvania's statute of limitations on medical malpractice claims is two years, 42 Pa. C.S.A. § 5524(7), and Glasco's date of death was January 29, 2016. As such, the statute of

limitations has expired.[1] The court will therefore dismiss with prejudice Plaintiff's claim for medical malpractice.

However, as to the remainder of the R&R as it relates to the availability of punitive damages and the duplicative nature of the complaint, the court is satisfied that it contains no clear error and will therefore adopt these portions of the R&R.

An appropriate order will issue.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: March 28, 2019

---

[1] Plaintiff argues that she should be permitted to amend her complaint and that it would relate back to the previously filed complaint, thus giving her an opportunity to file a COM within 60 days of filing the amended complaint. However, "the 60-day time period for filing of a certificate of merit or for requesting an extension of time clearly runs from the date of the filing of the ***original complaint***." *Hoover v. Davila*, 862 A.2d 591, 594 (Pa. Super. Ct. 2004). Thus, the consequence for failing to file a COM where the statute of limitations has run on a claim is dismissal with prejudice.